## DAVIS v. BLOUNT.

1. In view of the facts of this case and the alleged testimony which the witness would have given had she been present, there was no abuse of discretion in overruling the motion to continue.

2. There was no error in granting a nonsuit.

DECEMBER 14, 1911.

Probate of will.　Before Judge Conyers.　Appling superior court.　September 20, 1910.

In the superior court a suit for the probate of the alleged nuncupative will of John A. Blount was tried on appeal from the court of ordinary.　Blount had a brother who was his sole heir at law, but was not on good terms with him.　For more than a year prior to his death, L. W. Davis and his wife had lived in Blount's house and cared for him.　Blount desired to bequeath all of his property to L. W. Davis, and was anxious that his will be so prepared as that it could not be set aside.　He had inquired whether a written will would be better than a nuncupative will, and had been informed that it would.　After such inquiry and information he sent for Reuben H. Holton, a justice of the peace, on the 8th day of April, 1908, to write his will.　The messenger was L. W. Davis, and he was requested also to get John Cochran and John O. Cochran Sr. to come to Blount's residence and attest the will with Holton. The first to arrive was Holton, late in the afternoon.　There being no suitable paper at hand, Holton so informed Blount, and entered upon a tablet a description of the land and other memoranda, and then told Blount, as he had no suitable paper on which to write the will, he would go home and write it and bring it back to be signed the next morning.　Blount replied, "All right."　Blount was suffering from a protracted illness, but expressed himself as feeling better, and as not believing he would die "from that spell," but would be "able to attend to his business."　When Holton came, after telling him that he wanted him to write his will, Blount also called in Mrs. Davis and told her to sit where she could hear him and listen, as he "worded it" for Holton to write, as she was the only witness present, "but he could get in more." According to the testimony of Mrs. Davis, Blount made his will "then and there."　Holton was in the act of leaving when the two Cochrans arrived, but they were informed by Holton that the will would be executed the next morning, and were requested to return in order to attest it.　Blount conferred with them about the will after Holton left, and told them and others that he intended to bequeath all of his property to L. W. Davis, but his announcements were not of such character as to indicate to them a present intention to make a nuncupative will.　On the contrary, they showed that he had reference to a will which Holton was to write for him.

About one o'clock during the same night, Blount died.  On the 1st day of September, 1908, Holton prepared the nuncupative will and caused the same to be sworn to by more than three subscribing witnesses, which is the same as was afterwards offered for probate.  Upon the conclusion of the evidence the judge granted a nonsuit.

*Wade & Watson, V. E. Padgett,* and *A. V. Sellers,* for plaintiff.

*Parker & Highsmith,* for defendant.

ATKINSON, J.  1. The ruling announced in the first headnote does not require elaboration.

2.  There was no evidence in this case sufficient to authorize a finding that the alleged testator contemplated the making of a nuncupative will.  On the contrary, the evidence demanded a finding, that, while he had a testamentary inclination, there was no design that any words spoken by him should by themselves operate as a testamentary disposition of his property, but that it was his intention that the will that he desired to make should be a written will.  Accordingly, without regard to the sufficiency of the evidence in other respects, there was no error in granting a nonsuit.  Civil Code, § 3349; *Knox* v. *Richards,* 110 *Ga.* 6 (35 S. E. 295).

*Judgment affirmed.  All the Justices concur, except Hill, J., not presiding.*